. THIS case comes before me under the following cir-cu instances, which arc distinctly admitted to be true by Par^es- Daniel Hart in the year 1807, purchased a house and lotin Charleston, which he gave by parol tp *593 Ms daughter Rachel, the defendant, the wife of Nathan Hart, on the day of her marriage, ás a marriage portion, and he immediately put her husband and herself in possession. The defendants lived in the said house disturbed by the father, during his life time ; but they never received from their father, conveyances of the property, though he always spoke of it, both to them and to strangers, as being the property of the defendants, who always paid the taxes for it in their own pa me, and were regarded by the said Daniel and his family as the indisputable owners. That the said Daniel died in 1811, leaving a will by which he bequeathed, ter alia, as follow#: “ All the residue of my estate, either real or personal, and of every description whatsoever, shall be divided between my said children, or the vivors of them, share and share alike, after bringing iflto account whatever may have been advanced to child or children as aforesaid, so that they may all ceive their equitable share, and be placed on an equal footing in eVery respect whatsoever. But my eldest daughter who is married to Nathan Hart having been already portioned and provided for on the day of marriage, consequently she has no claim, and is not to be considered a legatee npder the present disposition my property.” .
. The complainants chai'ge that as the house is not expressly devised by the said Daniel to the defendants, it must pass into the residue of the estate, and be trans- . Í . . i-i. nutted to them under the devise before recited | which is resisted by the defendants who claim it under the marriage contract and under the will itself.
The first and leading principle in the construction wills, is that the intention of the testator shall govern ; and in the present case the intention of the testator inferred from the will itself, evidently is to exclude the portion already given to Ms daughter Rachel from the residue of his estate, and divide that residue equally between all his children, excluding the said Rachel, who he declares to be already portioned and provided for on *594 the day of hex» marriage. Now here is an express re-coS^1^on ^ie testator of the portion given by him to *^s daughter on her marriage, and it is sufficient, if not expressly, at least impliedly, to vest such portion in her and her husband. By a will an estate may arise by mere implication, as where a devise is to the heir at law of the devisor, after the death of his wife. No estate is by express terms given to the wife-, yet she shall have an estate for life by implication. 1 Fonbl. 450. So in the present case a devise of the whole of his estate to his other children, excluding what bis daughter Rachel had received, as a marriage portion, though it does not by-express terms give to Rachel the said estate, yet it manifestly does so b-y implication. Marriage portions are regarded with a very favorable eye by this Court, and will be always upheld if possible, especially when it ap-¿ .pears to have been -the intention .of the father to place' all his children on an equal footing, and where the portion allotted to one is equal in value to the shares to be. received by the others. This being admitted to be the case here, it would not perhaps be too astdte in the Court to say, that the declaration of the testator in his will, that he had already portioned and provided for his daughter on the day of her marriage, is of itself a confirmation of the estate to her and her husband, under the hand and seal of the father, and therefore a sufficient title in fee to them. But further, this clause in the will may be construed as being meant as a performance of the father’s promise to portion $ and in this light parol evidence is admissible to shew such meaning ; for it is not used to,contradict, but to explain the will, and to shew one thing to bo in satisfaction for the other. Powel on Devises, 529. But parol evidence is unnecessary, where the parties admit the fact,, and both parties here agree that the promise to portion, was made by the father to the defendants, and that portion was the house. But another view of this subject, puts the matter out of doubt. Both law and equity would regard the defendants as bona fide purchasers of this house for one of the high- *595 €st considerations known in the law, namely, marriage, Now no principle is better established than this., that a parol contract of sale or purchase admitted by the parties, (when the statute is not also insisted on,) will specifically decreed. So also w^bn there is part formance, s.uch as payment of the purchase money, or delivery of possession, (3 Atk. 1, 3, Dickens 664, 1 Ves. 312,) the case is taken out of the statute. Now in the present case the consideration has bej>i performed,, namely the marriage ; and the possession, of the house., as a performance of the contract on the father’s side, fias been delivered. Where.then can be the danger of fraud ? In a case of this, kind were the contract to be declared void, the statute would be converted into an instrument of fraud, Eet us ask if the father could have recovered back this gift in this Court, in his life time ? The answer must be no j it would be iniquitous if he attempted,itand this Court would shut its doors against a wrong doer. It would be a fraud on the defendants who had married and undertaken the charge of a family in consequence of this portion having been not only promised, but actually given them. Then if the father could not have recovered, it follows that his de-visees, cannot, as they stand precisely in his shoes. Upon the particular circumstances of this case, I am of opinion, that the defendants, Nathan Hart and Rachel Ms wife, have a good equitable title, which this Court will not suffer to be disturbed ; and I do therefore decree that the bill be dimissed, each party paying thei" »wrn costs.
WxiiiiAM I\ James.
There was no appeal from this decree.